## CHARLIE GOSS v. STATE.

No. A-6239.   Opinion Filed Jan. 21, 1928.
(263 Pac. 161.)

Lowry Law Offices, Chester H. Lowry, Brown Moore, and R. J. Shive, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of

Payne county 'on a charge of maintaining a place where intoxicating liquors were sold and his punishment fixed at a fine of $250 and imprisonment in the county jail for a period of 60 days. Pending this appeal, defendant was admitted to bail.

A motion to dismiss his appeal has been filed by the Attorney General, for the reason that pending this appeal 'defendant has become a fugitive from justice and his whereabouts are not known, and defendant is where he cannot be made to respond to any judgment against him. Attached to said motion is an affidavit of John B. Calderhead, sheriff of Payne county, who states that on January 4, 1928, a warrant for the arrest of defendant on a charge of murder was placed in the hands of affiant for the arrest of defendant, and on January 14, 1928, another warrant for defendant on a charge of murder was placed in his hands for the arrest of defendant, that defendant is a fugitive from justice, and affiant has made diligent effort and is unable to apprehend or learn his whereabouts. Attached to said affidavit is a certified copy of the warrants. Also there is attached an affidavit of George W. Wiles, a deputy sheriff of Payne county, the affidavit of A. D. Williams, a deputy sheriff, and the further affidavit of D. B. Ferguson, a deputy sheriff, all to substantially the same effect. There is also attached a copy of the Cushing Daily Citizen, a newspaper printed in 'Cushing, Payne county, and dated January 2, 1928, setting out an account of the killing of Essie May Young, by defendant, and the wounding of three other persons. It is further made to appear that one of the persons wounded thereafter on January 7, 1928, died as a result of his wounds, which death is the basis of the second of said warrants of arrest.

It is well settled that, where a defendant is convicted and prosecutes an appeal to this court and pending such appeal becomes a fugitive from justice, and it appears that

he cannot be made to respond to any judgment or order which may be made in the case, his appeal will be dismissed.

The appeal is dismissed.

DOYLE, P. J., and DAVENPORT, J., concur.